**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nancy Lynn MORGAN, Defendant–Appellant.**

**No. 00–6479.**

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2002.

---

Before JONES and COLE, Circuit Judges; and SARGUS, District Judge.*

PER CURIAM.

The defendant-appellant, Nancy Lynn Morgan, appeals the 70–month sentence imposed on her after she pleaded guilty to multiple counts of an indictment charging her with bank fraud, identity theft, and theft of motor vehicles. Although under the Sentencing Guidelines, the applicable sentencing range for Morgan's conduct was 33 to 41 months, the district court determined that a sentence in this range did not adequately reflect her extensive prior criminal record. The court instead departed upward six levels and imposed a 70–month sentence. The sole issue on appeal is whether the district court's decision to depart upward was appropriate under the Sentencing Guidelines. We hold that the decision to depart upward was erroneous. Accordingly, we vacate the defendant's sentence and remand this case for resentencing.

## II. BACKGROUND

In February 2000, a federal grand jury returned a 15–count indictment charging the defendant with multiple offenses stemming from her involvement in a bank fraud scheme from February 1999 through August 1999. The indictment alleged that the defendant would steal the personal identification documents of other individuals and assume their identities. If the defendant could not steal the actual documents, she would manufacture false ones. The defendant would then open bank accounts in Tennessee, Kentucky, and North Carolina under the false identifications. She wrote bad checks on these accounts to

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

buy a variety of items, including motor vehicles. In addition, the defendant would use false identification to obtain financing to purchase the automobiles.

The defendant had amassed a substantial criminal history before she was prosecuted for the instant offense. Her prior offenses included:

1. Passing or attempting to pass bad checks—sixteen instances;
2. Deceptive practices—eight instances;
3. Misdemeanor theft—two instances;
4. Forgery—four instances;
5. Making a false writing—three instances;
6. Larceny; and
7. Theft by taking.

In all, the defendant had a total of 21 criminal history points, placing her in criminal history category VI. J.A. at 70. Of particular importance, however, is the fact that some of the defendant's above convictions were too remote to factor into her criminal history. These consisted of:

1. Fourteen counts of bad checks;
2. Five counts of deceptive practices;
3. One count of misdemeanor theft; and
4. One count of making a false writing.

In anticipation of the sentencing hearing, the government filed a motion for an upward departure on two theories. First, the government argued that under U.S.S.G. § 2F1.1, an upward departure was warranted because the amount of loss used to calculate the defendant's offense level did not fully capture the harmfulness and seriousness of her conduct. Second, the government argued that under U.S.S.G. § 4A1.3, the defendant's criminal history category of VI did not reflect the seriousness of her past criminal conduct or the likelihood that she would recidivate.

The district court found the motion for upward departure well taken on both theories. Accordingly, the defendant's offense level was increased by three levels under § 2F1.1 and three more levels under § 4A1.3. As a result, the defendant's original offense level of 13 was increased by a total of six levels to 19. The defendant's offense level of 19 and her criminal history category of VI corresponded to a sentencing range of 63 to 78 months. The district court sentenced Morgan to 70 months imprisonment. The sole issue on appeal is whether the district court was correct in departing upward three levels under § 4A1.3. The defendant does not contest the decision to depart upward under § 2F1.1.[1]

## III. DISCUSSION

The Sentencing Guidelines require that a sentence be imposed within the guideline range unless "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the

---

1. U.S.S.G. § 2F1.1 is the guideline applicable to offenses which involve fraud and deceit. The guideline authorizes the district court to increase the defendant's offense level according to the dollar amount of the loss involved in the offense. However, Application Note 11 authorizes the district court to depart upward if the dollar amount of the loss involved does not adequately reflect other non-monetary harm the defendant caused her victims. Morgan does not contest the fact that her conduct resulted in substantial non-pecuniary harm to her victims. The government advises that Morgan's conduct: (1) harmed the credit rating of one victim; (2) gave another an undeserved criminal record; (3) resulted the arrest and detention of two innocent victims; (4) resulted in the termination of one victim from her job; and (5) factored in the breakup of one victim's marriage. Appellee's Final Br. at 4–5.

guidelines...." 18 U.S.C. § 3553(b). The Guidelines authorize an upward departure in circumstances where "the criminal history category [of the defendant] does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes...." U.S.S.G. § 4A1.3. In *United States v. Thomas*, 24 F.3d 829 (6th Cir.1994), the Sixth Circuit explained how we should determine whether a district court's decision to depart upward under § 4A1.3 was appropriate:

> "The Court employs a three-prong test to determine whether a departure was warranted. First, we review *de novo* the circumstances surrounding the departure to determine whether they are sufficiently unusual to warrant divergence from the guidelines. Second, we evaluate whether the circumstances upon which the district court based the departure actually exist in the case. In reviewing the trial court's factfinding, we reverse only for clear error. Third, once we have assured ourselves that the circumstances are proper for departure and that those circumstances enjoy support in the record, we assess the degree or range of departure for reasonableness."

*Id.* at 832 (citations omitted).

The district court committed error with regard to the first prong of the analysis described in *Thomas*. The circumstances surrounding this case were not sufficiently unusual to warrant a departure under § 4A1.3. The first thing to observe about § 4A1.3 is that a departure is authorized if the criminal history category does not reflect (1) the seriousness of the defendant's criminal conduct, or (2) the likelihood that

the defendant will recidivate. In other words, a departure is authorized if the district court believes that it is warranted under either factor.

## A. Seriousness of the Defendant's Criminal History

■ The district court based its decision to depart principally upon the defendant's extensive criminal history. The court noted that her 21 criminal history points put her well above the 13 point threshold for Category VI:

> "Ms. Morgan has eight unaccounted for criminal history points as well as similar convictions for similar crimes that also are not counted. Furthermore, her history not only suggests that she has made a livelihood out of her criminal activity but compels such a conclusion."

J.A. at 39. However, "[i]n determining whether an upward departure from Criminal History Category VI may be warranted, the court should consider that the *nature* of the prior offenses rather than simply their *number* is often more indicative of the seriousness of the defendant's criminal record." *United States v. Little*, 61 F.3d 450, 453 (6th Cir.1995) (citing U.S.S.G. § 4A1.3) (emphasis added). Hence, it was inappropriate for the district court to conclude that an upward departure was warranted simply on the basis of the number of past offenses in the defendant's criminal record. The guideline indicates that an upward departure may be appropriate in light of the seriousness of the defendant's past conduct. The examples illustrating the application of the guideline make clear that "serious" refers to the egregious[2] nature of a defen-

---

**2.** In fact, the word "egregious" is actually used in the guideline. "The Commission contemplates that there may, on occasion, be a case of an *egregious*, serious criminal record

in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure

dant's past conduct rather than its extensiveness.

"For example, a defendant with five prior sentences for *very large-scale* fraud offenses may have 15 criminal history points, within the range of points typical for Criminal History Category VI [recall that 13 is the threshold for Category VI], yet have a substantially more serious criminal history overall because of the *nature* of the prior offenses. On the other hand, a defendant with nine prior 60–day jail sentences for offenses such as petty larceny, prostitution, or possession of gambling slips has a higher number of criminal history points (18 points) than the typical Criminal History Category VI defendant, but not necessarily a more serious criminal history overall."

U.S.S.G. § 4A1.3 (emphasis added).

In essence, while the government is correct that "[t]here is no requirement ... that the offenses have to be violent in order to justify a departure," (Appellee's Final Br. at 11), they must indeed be serious and they cannot be serious simply because they are great in number. The cases cited by the government do not prove otherwise. The government cites *United States v. Belanger*, 892 F.2d 473, 476 (6th Cir.1989) and *United States v. Osborne*, 948 F.2d 210, 213 (6th Cir.1991) which based the authority to depart, at least in part, on the defendant's extensive criminal record. These cases, however, predate the 1992 amendment to the guideline as well as recent Sixth Circuit case law explaining that upward departures under § 4A1.3 are permitted in light of the

serious nature of the defendant's past conduct rather than the number of offenses.

**B. Likelihood That Defendant Will Recidivate**

 The district court's decision to depart upward might also be upheld if the defendant's criminal history category did not adequately reflect the likelihood that she would recidivate. The district court also based its authority to depart on this rationale.[3] The court's reasoning on this score was likewise erroneous. As noted earlier, the Sentencing Guidelines require that a sentence be imposed within the guideline range unless "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) This court has observed that "the Guidelines generally take recidivism into account." *Little*, 61 F.3d at 453. Therefore, a departure was warranted under § 4A1.3 only if this case presented exceptional or unusual factors *aside from her extensive criminal record* to suggest that Morgan was likely to recidivate.

This reasoning is supported by the case law and makes sense as a matter of policy. In *United States v. Bennett*, 975 F.2d 305, 309 (6th Cir.1992), we explained that "[b]y and large, the Guidelines account for and punish prior criminal behavior." The system of authorizing greater punishment according to the defendant's criminal history category accomplishes this purpose. Category VI "is already the most severe criminal history, and [ ] the defendants in that

---

above the guideline range for a defendant with Criminal History Category VI may be warranted." U.S.S.G. § 4A1.3 (emphasis added).

**3.** The district court stated that

"[I]t is a safe bet to assume that this defendant will engage in her past pattern of criminal activities as soon as she is able to do so. The fact that she has been convicted before and imprisoned before has had no impact at all upon stopping or slowing down her criminal activity." J.A. at 51.

category are, by definition the most intractable of offenders." *United States v. Canon,* 66 F.3d 1073, 1079 (9th Cir.1995). *Bennett,* however, explains that "while the criminal history scoring system accounts for a 'general' recidivist tendency amongst criminal defendants, certain defendants pose a significantly greater recidivist risk. These rampant recidivists, the Sentencing Commission tells us, are proper candidates for upward departures." *Bennett,* 975 F.2d at 309.

What this means is that it was not the Sentencing Commission's intent to authorize an upward departure in the case of *every defendant* whose past criminal history places her in Category VI. To the contrary, an upward departure under § 4A1.3 requires something special. For example, this court in *Little* justified its authority to depart on the recidivist factor in light of record evidence that the defendant had severe psychological problems. Specifically, the defendant in *Little* was a sex offender with a confirmed history of sexual dysfunction and other psychological illnesses. *Little,* 61 F.3d at 453. Here, the district court made no findings aside from the defendant's extensive criminal history that she was likely to recidivate. An upward departure was not permissible in this instance as the district court should not have considered recidivism which the Commission has already taken into account in formulating the criminal history category. *Koon v. United States,* 518 U.S. 81, 111, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We, therefore, vacate the defendant's sentence and remand for resentencing.

