UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 07-4812

(5:06-cr-00299-FL)

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE EUGENE POWELL, JR.,

        Defendant - Appellant.

_____

O R D E R

_____

The court amends its opinion filed December 16, 2008, as follows:

On page 4, the footnote number is changed from "*" to "1," and the citation in that footnote, line 4, is corrected to read "466 F.3d."

On page 8, footnote 2 is added.


For the Court - By Direction


       /s/ Patricia S. Connor

           Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4812

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE EUGENE POWELL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:06-cr-00299-FL)

Argued: October 30, 2008          Decided: December 16, 2008

Before WILKINSON, Circuit Judge, Samuel G. WILSON, United States District Judge for the Western District of Virginia, sitting by designation, and Henry E. HUDSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** James B. Craven, III, Durham, North Carolina, for Appellant. Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case presents the narrow question of whether the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") permit a sentencing court to award a third-level reduction for acceptance of responsibility when a defendant's offense level qualifies for such reduction only after an upward departure. Although this appears to be the first time this issue has been formally addressed by a reviewing court, we are of the opinion that Section 1B1.1 of the Guidelines clearly delineates the methodology for computing a defendant's advisory guidelines, and specifies that eligibility for a third-level reduction for acceptance of responsibility turns on whether a defendant's offense level exceeds 16 prior to departure or variance.

Pursuant to a written plea agreement, George Eugene Powell, Jr. ("Powell") entered a plea of guilty to a single count of bank larceny. The underlying plea agreement specifically provided that a three-level sentencing reduction was warranted pursuant to U.S.S.G. Manual Section 3E1.1 for acceptance of responsibility. Following acceptance of Powell's plea, a U.S. Probation Officer prepared a pre-sentence investigation report. Relying on U.S.S.G. § 2B1.1(a)(2), pertaining to burglaries of nonresidential structures, the probation officer calculated Powell's base offense level at 12. Despite the language of the plea agreement, Powell received only a two-level reduction for

2

acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), because his base offense level was less than 16. The resulting total offense level was 10. Powell's criminal history category was VI, which yielded a guidelines range of 24 to 30 months of imprisonment.

Based on Powell's numerous uncounted prior convictions, some of a similar nature to the charge of conviction, and contending that Powell's criminal history category inadequately represented his criminal history and likelihood that he would commit other crimes, the government moved for an upward departure. Powell opposed the motion.

At the sentencing hearing, the court adopted the probation officer's calculation of Powell's guidelines, finding a base offense level of 12, with a two-point reduction for acceptance of responsibility, and a total offense level of 10. Powell offered no objection to the court's preliminary findings.

The court next considered the government's motion for an upward departure, and ultimately departed upward by eight offense levels to a final offense level of 18. This resulted in a guidelines range of 57 to 71 months of imprisonment. The court imposed a 71-month sentence. Powell does not challenge the upward departure on appeal.

Following the upward departure, Powell urged the court to revisit his entitlement to an additional reduction in his

offense level for acceptance of responsibility pursuant to the plea agreement. The government, however, declined the court's invitation to seek an additional level for acceptance of responsibility. The government articulated two grounds for opposing a third-level reduction. First, under the methodology set forth in the Guidelines, the calculation of acceptance of responsibility precedes the court's consideration of any departure motions. And second, the additional reduction was not appropriate under the facts of this case.[1]

Powell's counsel stressed to the court that the plea agreement clearly contemplated a third-level reduction. Following the government's refusal to move for such reduction, the court imposed a 71-month sentence without further comment. At no time did Powell seek specific enforcement of the plea agreement or request leave of court to withdraw his plea of guilty. This appeal followed.

Powell frames the issue on appeal as a single issue: "[w]as the District Court in error in not allowing an additional one level reduction for acceptance of responsibility under

---

[1] Although neither side raised the issue, we note that a third-level adjustment for acceptance of responsibility can only be granted upon formal motion by the government at the time of sentencing. United States v. Chase, 466 F.3d 310, 315 (4th Cir. 2006).

Section 3E1.1(b), Federal Sentencing Guidelines?" Candidly conceding an absence of authority supporting his position, Powell argues that the district court erred in failing to award his requested third-level reduction for acceptance of responsibility following the upward departure. He contends that even though his initially calculated adjusted offense level was less than 16, his total offense level exceeded 16 following the upward departure. At that point, in his view, the court should have reduced his offense level by a third point for acceptance of responsibility, as dictated by the plea agreement. The methodology urged by Powell is contrary to the Guidelines and all interpretive cases.

Section 1B1.1 of the Guidelines specifically directs the order in which its provisions are to be applied. Application of the appropriate adjustment for acceptance of responsibility occurs prior to any consideration of departures. U.S.S.G. § 1B1.1(e)(i). Under the prescribed order of calculation, the sentencing guidelines range, including application of offense level adjustments under U.S.S.G. § 1B1.1(b),(c), and (d), should be completed before the determination of whether an upward departure is appropriate. Because Powell's offense level was not 16 or more at that juncture, he did not meet the requirement for a third-level reduction under U.S.S.G. § 3E1.1(b).

Powell draws the Court's attention to an unpublished decision of this Court, United States v. Schellenberger, 246 Fed. Appx. 830 (4th Cir. 2007). Powell's reliance on Schellenberger, however, is misplaced. The court in Schellenberger did not address the sequence of guidelines calculations. Powell simply points out the computational process employed by the sentencing court in Schellenberger. "A presentence investigation report ("PSR") established Schellenberger's base offense level at 17, and added 29 levels to account for various sentencing factors. Three points were then subtracted for acceptance of responsibility. This yielded a total offense level of 43." Id. at 832. The trial court in Schellenberger appropriately enhanced the defendant's base offense level for specific offense characteristics outlined in Chapter 2 of the Guidelines and adjustments related to victim, role, and obstruction of justice from parts A, B, and C of Chapter 3, before deducting three levels for acceptance of responsibility. This faithfully tracks the general application principles delineated in § 1B1.1 of the Guidelines. The product of the trial court's calculation in Schellenberger is appropriately referred to as an adjusted offense level, which precedes any determination of whether a departure is warranted.

This Court has repeatedly counseled trial courts in sentencing a defendant to first properly calculate the

sentencing range recommended by the Guidelines, next to determine whether an upward or downward departure is appropriate, and lastly, to decide whether a sentence within that range, and within statutory limits, serves the factors set forth in 18 U.S.C. § 3553(a).  See United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006).  That procedure was meticulously followed by the trial court in the immediate case at hand.

Although he neither framed it as a separate issue for appeal nor raised it in the district court, Powell argues that the government breached the plea agreement by failing to move for the additional level of reduction for acceptance of responsibility.  On close examination, the plea agreement does not obligate the government to move for a three-level reduction for acceptance of responsibility.  The plea agreement stated that "[a] downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1."  (J.A., at 20.)  Agreement notwithstanding, the court was powerless to award the third level under U.S.S.G. § 3E1.1(b) when the base offense level was 12.  Therefore, even if the United States had moved for a third-level reduction, the trial court lacked the power to grant the request.  Consequently, this element of the plea agreement was unenforceable.  In any event, Powell did not seek in the district court, and does not seek here, to withdraw

7

his guilty plea, but instead requests that we vacate the judgment and remand to the district court for resentencing "with an applicable advisory Guideline range of 51–63 months."  We are not at liberty to direct the district court to sentence within an inapplicable guideline range.[2]

Finding no error in calculating the sentencing guidelines, the district court's judgment is, therefore,

AFFIRMED.

---

[2] Even if we were to determine that Powell has properly raised the issue that the government breached its plea agreement by declining to move the district court for an additional reduction for acceptance of responsibility, our review would be for plain error because he failed to raise this issue in the district court.  United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997).