NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0294n.06

No. 22-1576

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RANDY JAHAN MABRY,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jun 26, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: MOORE, CLAY, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Randy Jahan Mabry pleaded guilty to making, possessing, and passing counterfeit currency, conspiring with others along the way. A district court sentenced him to 48 months in custody. Mabry challenges his sentence, arguing that it is procedurally and substantively unreasonable. Finding no error, we affirm.

**I.**

A grand jury indicted Mabry for conspiracy to make and pass counterfeit currency, making counterfeit currency, passing counterfeit currency, and possession of counterfeit currency. The scheme went something like this. Mabry made counterfeit currency. He and his accomplices purchased items at large retail stores with the counterfeit currency. Then they returned those items at other branches of these stores for cash. Mabry pleaded guilty to these counts without a plea agreement. The government estimated that Mabry produced at least $28,540 in counterfeit currency.

The Probation Office computed Mabry's total offense level at 13. And it calculated his criminal history score as 22, resulting in a criminal history category of VI. This produced a guidelines range of 33–41 months in prison. The Probation Office did not list any grounds for departure and recommended a sentence of 41 months.

Prior to sentencing, the district court notified the parties that it was considering an upward departure "due to inadequacy of Criminal History Category VI to accurately represent the seriousness of defendant's criminal history and/or the likelihood that the defendant will commit other crimes." (R. 93, Notice, PageID 408.) Mabry filed a sentencing memorandum arguing against an upward departure. He recognized that he's "been in and out of jail and prison since he was a boy," but "the majority of his convictions are related in some way to his lifelong struggles with addiction," and are insufficiently serious to warrant an upward departure. (R. 95, Sent. Mem., PageID 429–30.)

At sentencing, the government "defer[red] to the Court's discretion" on the matter. (R. 103, Sent. Tr., PageID 486.) But it did note that Mabry's "[criminal] history includes convictions where he does put the public at risk" such as driving under the influence and armed robbery. (*Id.* at PageID 488.) It also noted that "Mabry is [] no stranger to forgery or counterfeit or various forms of financial theft," and mentioned his 2011 conviction for uttering and publishing, his 2015 larceny conviction, and 2018 embezzlement conviction. (*Id.* at PageID 488–89.) Mabry maintained his position, arguing that, although numerous, most of his offenses are insufficiently serious to warrant an upward departure. Mabry acknowledged that he does have a "lot of criminal history points," but argued that "in this case, it's not an exceptional circumstance." (*Id.* at PageID 491.) Most of his offenses "are this pattern of relatively small street drug crimes . . . and then, you know, you're mixing the crimes of dishonesty and theft." (*Id.* at PageID 493.)

2

The district court departed upward from the advisory Guidelines range by two offense levels, resulting in a range of 41–51 months. The district court said:

> The Court . . . is very concerned about the nature of the criminal history that Mr. Mabry has developed over the course of time. It appears as if no sentence imposed by a state judge in the State of Michigan or elsewhere has deterred Mr. Mabry from further criminal activity. . . . [I]n the Court's judgment, Criminal History Category VI does not cover the likelihood that Mr. Mabry will be committing other crimes. The serial nature of Mr. Mabry's criminal offenses, both on the drug distribution side, the stealing money from other people, not to mention the armed robbery offense, which is earlier in Mr. Mabry's criminal history, indicate to the Court the serial nature of the offenses here[.] . . . Mr. Mabry appears to have learned nothing from his prior sentences[,] and no sentence imposed has deterred him from further criminal activity once he was released. . . . [A]s I said before, I don't think Criminal History Category VI and 22 points adequately reflects the likelihood that Mr. Mabry will commit other crimes. He has shown no indication that he is going to stop, and as a result, I am going to depart upward two levels for inadequacy of criminal history.

(*Id.* at PageID 497–99.) In its statement of reasons, the district court said that it was departing upward because "Criminal History Category (CHC) VI did not adequately reflect the defendant's likelihood to reoffend, having accumulated 22 criminal history points." (R. 98, Statement of Reasons, Page ID 448.) The district court sentenced Mabry to 48 months in custody.

## II.

We generally review a district court's sentencing determination "'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "This review has two components: procedural reasonableness and substantive reasonableness." *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). A district court errs procedurally by, among other things, "fail[ing] to consider a factor or consider[ing] an inappropriate factor," *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2019), or by "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range," *Gall*, 552 U.S.

3

at 51. Substantive reasonableness considers whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Rayyan*, 885 F.3d at 442. "It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.*

"[A] district court's decision to exercise its discretion to depart from the advisory Guidelines, either upward or downward, is reviewed for reasonableness." *United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009). "In reviewing for procedural reasonableness a sentence that includes an upward departure, we ask only whether the district court followed the requisite procedures when applying the departure; whether that departure was appropriate is a question of substantive reasonableness." *United States v. Potts*, 947 F.3d 357, 370 (6th Cir. 2020).[1]

A.

Mabry challenges the district court's decision to depart upward under U.S.S.G. § 4A1.3, which permits a district court to do so if "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1). Mabry makes various arguments for why the district court's decision is unreasonable. We address and reject each in turn.

First, take his procedural reasonableness arguments, which we review for abuse of discretion. *Potts*, 947 F.3d at 364.[2] Mabry generally argues that the district court failed to explain

---

[1] Mabry says that the three-part test announced in *United States v. Joan* applies to departure challenges. 883 F.2d 491, 494 (6th Cir. 1989); *see United States v. Thomas*, 24 F.3d 829, 832 (6th Cir. 1994). But post-*Booker*, it doesn't seem that this test functions as a standalone test. Instead, we bake that three-part test into our reasonableness review. *See United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007), *abrogated on other grounds by Gall*, 552 U.S. 38; *see also Potts*, 947 F.3d at 370–72; *Herrera-Zuniga*, 571 F.3d at 581.

[2] There is a dispute over whether we should review some of Mabry's procedural reasonableness arguments for plain error. Where defense counsel "fail[s] to raise [an] issue below and fail[s] to

why it departed upward based on Mabry's criminal history. And he makes two more specific arguments. First, the district court failed to consider the nature of his criminal history and focused on the sheer number of past offenses when departing upward. And second, if a district court departs upwards under U.S.S.G. § 4A1.3, it must specify its reasons for doing so in writing, and the district court "fail[ed] to adequately specify the reason for an upward departure in the statement of reasons." (Appellant Br. at 16.)

The record demonstrates that the district court didn't "conclude that an upward departure was warranted *simply on the basis of the number* of past offenses in [Mabry's] criminal record." *United States v. Morgan*, 54 F. App'x 421, 424 (6th Cir. 2002) (emphasis added). Instead, the court expressed "concern[] about the nature of the criminal history that Mr. Mabry has developed over the course of time" in the context of its concern about recidivism. (R. 103, Sentencing Tr., Page ID 497.) The district court specifically referenced the "serial nature" of Mabry's past theft crimes. (*Id.* at Page ID 498.) And the district court expressed concern about his armed robbery conviction, noting that "no sentence imposed has deterred him from further criminal activity." (*Id.*) All told, the record shows that the district court looked to the nature of the crimes in addition to the sheer number.

Nor did the district court fail to adequately explain the upward departure. In the statement of reasons, the district court said that it was departing upward because "Criminal History Category (CHC) VI did not adequately reflect the defendant's likelihood to reoffend, having accumulated 22 criminal history points." (R. 98, Statement of Reasons, Page ID 448.) Mabry does not point us to any circuit caselaw that suggests that this explanation is too curt. But even if this explanation

---

object on th[at] ground after sentencing, we review th[e] issue for plain error." *Herrera-Zuniga*, 571 F.3d at 589. But we need not decide that here because, under either standard, his claims fail.

did not have the requisite level of specificity, "the district court's oral explanation at the sentencing hearing," which we just walked through above, "was sufficient to compensate[.]" *United States v. Zobel*, 696 F.3d 558, 567 (6th Cir. 2012); *see United States v. Outlaw*, 720 F.3d 990, 993 (8th Cir. 2013); *see also United States v. Denny*, 653 F.3d 415, 422 (6th Cir. 2011) (Written statements cannot "obfuscate unambiguous reasoning given by a district court at the oral hearing.").

And as a matter of substantive reasonableness, a risk of recidivism and a history of committing similar crimes provide proper bases for departing upward. *See Potts*, 947 F.3d at 372–73 (finding "Potts's pattern of committing the same crimes in the same way justified the district court's conclusion that Potts would likely recidivate"); *United States v. Sexton*, 889 F.3d 262, 266 (6th Cir. 2018) (departure justified when category VI didn't represent the likelihood that defendant would re-offend); *United States v. Sanders*, 501 F. App'x 455, 459 (6th Cir. 2012) (finding that the defendant "exhibited an ongoing pattern of engaging in criminal activity . . . and had just served a . . . sentence for a similar crime, a sentence that seemingly had absolutely no deterrent effect").

Mabry argues that the district court's departure is substantively unreasonable because it "placed undue weight on the number of Mr. Mabry's convictions." (Appellant Br. at 11; *see* Reply Br. at 1.) But the record doesn't bear that out. In fact, at sentencing, the district court did not even mention Mabry's total number of convictions—just his criminal history score. *Cf. Morgan*, 54 F. App'x 424.[3]

The district court's decision to depart upward by two levels was not unreasonable.

---

[3] Mabry also argues that his criminal history is not serious enough to warrant an upward departure. We need not decide that issue because the district court grounded its decision on "the likelihood that [Mabry] will commit other crimes" and not "the seriousness of the defendant's criminal history." U.S.S.G. § 4A1.3(a)(1); *see United States v. Elliott*, 521 F. App'x 513, 517 (6th Cir. 2013).

B.

Mabry also argues that the district court should have applied a three-level reduction in his sentence for acceptance of responsibility instead of a two-level reduction. U.S.S.G. § 3E1.1(b).

For a defendant to be eligible for a three-level reduction under U.S.S.G. § 3E1.1(b), three things have to happen: (1) the defendant must qualify for a two-level decrease by accepting responsibility for his offense; (2) "the offense level determined prior to the operation of" a two-level decrease for acceptance of responsibility "[must be] level 16 or greater"; and (3) the government must move for a three-level reduction at sentencing, "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty."

No one disputes that Mabry satisfied the first condition. He stumbles at the second. This is because his offense level was 15 prior to his two-level reduction for acceptance of responsibility. Mabry concurred in this scoring. And the government affirmatively rejected that Mabry qualifies for a three-level reduction.

To the extent that Mabry suggests that he qualified because the district court's criminal-history upward departure under § 4A1.3 should apply prior to a reduction for acceptance of responsibility (and therefore make his adjusted offense level 17), he doesn't provide any caselaw that would support his view of that operation of § 4A1.3 or the Guidelines more broadly. Indeed, U.S.S.G. § 1B1.1 provides courts with an order to follow when applying the Guidelines. And application of the appropriate reduction for acceptance of responsibility occurs prior to any consideration of departures. *See id.*; *United States v. Powell*, 303 F. App'x 138, 139–40 (4th Cir. 2008); *see also United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010). So it follows that

7

the district court did not err when it did not ask the government, post-departure, whether it wanted to reconsider its position on the inapplicability of a three-level reduction.

C.

Finally, Mabry argues that his sentence is substantively unreasonable because the district court placed "und[ue] weight on Mr. Mabry's criminal history with little consideration of mitigating factors," and because "the district court failed to consider all the § 3553(a) factors and relied too heavily on the nature of the offense." (Appellant Br. at 21.) We disagree. The district court found that a sentence of 48 months was necessary to account for the "seriousness" of the current offense, to "deter[]" future criminal activity by Mabry and others considering committing similar crimes, and to "promote respect for [the rule of] law." (R. 103, Sent. Tr., PageID 499.) Mabry discussed his substance abuse problem as a reason for leniency, and the district court considered that. Mabry did not raise any other mitigating circumstances. Given all this, we cannot say that a sentence of 48 months was substantively unreasonable.

**AFFIRMED**.