51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Marvin F. JACKSON, Defendant/Appellant.
 No. 94-3006.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.
Decided March 15, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Marvin F. Jackson pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). The district court accepted the plea agreement, in which Jackson agreed to cooperate with the government, and scheduled a sentencing hearing. While released on bond, Jackson violated several conditions of release and failed to appear for sentencing. Jackson was arrested and taken into federal custody. The district court sentenced Jackson to 132 months' imprisonment. Jackson's appointed counsel filed a notice of appeal followed by a motion to withdraw as counsel and an Anders brief in which he stated his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), Jackson was informed of his right to respond; he did not do so. We will grant the motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)). Our independent review of the record reveals that although there is at least one issue for appeal that cannot be considered groundless, we are convinced that it was harmless error and the judgment of the district court will be affirmed.
 
 
 2
 The change of plea hearing must be examined to determine whether Jackson's guilty plea satisfied the requirements of Fed.R.Crim.P. 11. The district court conducted a colloquy with Jackson and accepted the plea agreement. The district court first established that Jackson was competent, was satisfied with his counsel, and understood the indictment. (Plea Tr. at 5-7). Then, the district court carefully explained Jackson's right to trial by jury, and the government's burden of proof. (Plea Tr. at 7-10). The district court ensured that Jackson understood the elements of the crime and the possible maximum and minimum sentences. (Plea Tr. at 11-14). The district court then determined that Jackson's guilty plea was voluntary. (Plea Tr. at 14). The district court also established that Jackson understood that it would be the district court, and not the government, that would determine his sentence, and that the district court was not a party to the plea agreement. (Plea Tr. at 15-21). Finally, the district court determined that Jackson had actually committed the elements of the crime. (Plea Tr. at 21-26).
 
 
 3
 Despite this extensive colloquy, the district court did not specifically advise Jackson that he had no right to withdraw his guilty plea, even if he was dissatisfied with his sentence. Rule 11(e)(2) reads, in relevant part: "If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise defendant that if the court does not accept the recommendation or request [for a particular sentence] the defendant nevertheless has no right to withdraw the plea." Fed.R.Crim.P. 11(e)(2). Because Jackson's plea agreement allows both parties to recommend a sentence, but that recommendation is not binding on the court, the plea agreement is of the type specified under Rule 11(e)(1)(B). Hence, the admonition required by Rule 11(e)(2) is applicable to Jackson.
 
 
 4
 Rule 11(e)(2) "assures that the accused's decision to plead guilty is fully informed by disabusing the defendant of any mistaken notions he may have obtained during the plea bargaining process." United States v. Diaz-Vargas, 35 F.3d 1221, 1224 (7th Cir.1994). "As a rule, noncompliance with Rule 11 constitutes reversible error in this circuit." United States v. Bennett, 990 F.2d 998, 1004 (7th Cir.1993) (quoting United States v. Peden, 872 F.2d 1303, 1306 (7th Cir.1989)). However, Rule 11(h) provides a harmless error exception: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). "[T]he relevant inquiry focuses on both how that information would have likely affected his decision to accept or reject a plea, and what additional information a special Rule 11(e)(2) admonition would have added to the defendant's knowledge." Diaz-Vargas, 35 F.3d at 1224 (citing United States v. Padilla, 23 F.3d 1220, 1222 (7th Cir.1994)).
 
 
 5
 Jackson could argue on appeal that it was error for the district court to fail to comply with the admonition requirement of Rule 11(e)(2), and it was not harmless error. Although the equivalent of the Rule 11(e)(2) admonition may be found in the plea agreement itself (Plea Ag. at 4, p 9), the district court did not give a separate verbal Rule 11(e)(2)-type warning. Additionally, Jackson was never specifically asked whether he had read and understood the plea agreement.
 
 
 6
 In Diaz-Vargas, the defendant never received a verbal Rule 11(e)(2)-type warning, although it was present in the plea agreement. Diaz-Vargas, 35 F.3d at 1223. However, the court found that the non-compliance with Rule 11(e)(2) was harmless: the defendant had testified he had read and understood the plea agreement, the district court had given the defendant a chance to withdraw his plea, and the district court had conducted an extensive colloquy ensuring that the defendant knew he could be subject to the maximum penalty. Id. at 1224-25. See also Bennett, 990 F.2d at 1005 (harmless error where court's admonition was unambiguous that defendant could not withdraw his plea). Similarly, in Jackson's case, in the context of the district court's extensive colloquy with Jackson and the unambiguous plea agreement signed by Jackson, a special Rule 11(e)(2)-type admonition would not have added to his knowledge. Although an appeal of this issue would be non-frivolous, we are convinced that the lack of a specific Rule 11 admonition constitutes harmless error in this case. See United States v. Upthegrove, 974 F.2d 55, 57 (7th Cir.1992) (per curiam) (denying counsel's motion to withdraw, but affirming district court's judgment on issue of first impression).
 
 
 7
 In his Anders brief, counsel identifies a single issue that he considers potentially colorable: whether the district court erred in sentencing Jackson at the high end of the guideline range, in order to make an example of Jackson. Jackson's calculated guideline range was 108 to 135 months. The government argued for a 135 month sentence, and Jackson argued for 108. The district court sentenced Jackson to 132 months and reasoned:
 
 
 8
 Others in the system are going to have to realize and understand that because you have been made, and will be made here today, an example of, we cannot tolerate failure to appear, and we can't tolerate a failure to comply with a voluntary plea agreement and contract that you entered into.
 
 
 9
 (Sentencing Tr. at 17).
 
 
 10
 Review of a sentence imposed under the guidelines is limited to cases where the sentence is (1) in violation of the law, (2) a result of the incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. Sec. 3742(a)(1)-(4). Thus, "[a]bsent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991). To establish whether Jackson's sentence meets any of the criteria of review, we must decide first whether Jackson was sentenced in compliance with the United States Sentencing Guidelines.
 
 
 11
 Our independent review reveals that the guidelines were correctly applied to Jackson's case. Jackson pleaded guilty to possession with intent to distribute 34.6 grams of cocaine base. Hence, the base offense level is 28, pursuant to Sec. 2D1.1(a)(3). Because Jackson failed to appear for sentencing, he received a two-level increase for obstruction of justice, pursuant to Sec. 3C1.1. We find no possible error in these findings.
 
 
 12
 However, the district court found that Jackson was not entitled to a two-level reduction for acceptance of responsibility, nor was he entitled to the additional one-level reduction for a timely guilty plea, because he had violated his bond and did not appear for sentencing. Counsel did not object to this finding, which was included in the PSR prepared for Jackson's sentencing hearing. In his Anders brief, counsel could have raised the issue of whether Jackson was entitled to offsetting adjustments for acceptance of responsibility and obstruction of justice.
 
 
 13
 Jackson pleaded guilty, and the district court accepted the plea agreement. The district court stated:
 
 
 14
 Okay. Now, the Government, on its side of the bargain, agrees that you're entitled to three points lower on the offense level because of your timeliness and your acceptance of responsibility, that is, your plea of guilty here, your timeliness in which you pled. And so you'll get three points there. That's what the government agrees to.
 
 
 15
 (Plea Tr. at 18).
 
 
 16
 Because Jackson failed to appear at sentencing, the PSR recommended that Jackson not receive the three-point reduction. The district court adopted the PSR findings without giving any reasons, and without any objections from Jackson. However, in arguing for a sentence at the low end of the range, counsel stated that Jackson had violated his bond and missed the sentencing hearing in order to assist his pregnant girlfriend with the birth of their child. Additionally, Jackson had not left the jurisdiction, and had turned himself in to the authorities once the child was born. (Sentencing Tr. at 8-9).
 
 
 17
 From these facts, it could be argued that Jackson was still entitled to the reduction for acceptance of responsibility, even though he received an enhancement for obstruction of justice.
 
 Application Note 4 to Section 3E1.1 reads:
 
 18
 Conduct resulting in an enhancement under Sec. 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both Secs. 3C1.1 and 3E1.1 apply.
 
 
 19
 It could be argued that Jackson's actions after his guilty plea do not show an abdication of his acceptance of responsibility for the crime he committed, or his willingness to receive a just punishment for that crime. Jackson's situation, hence, represents an "extraordinary" case in which adjustments under both Secs. 3C1.1 and 3E1.1 apply. This argument, though initially plausible, is ultimately groundless.
 
 
 20
 First, Jackson did not object to the district court's adoption of the PSR findings. "Thus, we may reverse the trial court's failure to grant the acceptance of responsibility adjustment only if it was 'plain error.' " United States v. Delgado, 936 F.2d 303, 308 (7th Cir.1991) (quoting United States v. White, 903 F.2d 457, 466-67 (7th Cir.1990)), cert. denied, 112 S.Ct. 972 (1992). Second, "[b]ecause the sentencing court views a defendant's acceptance of responsibility from a front row seat, we give its determination great deference on review." United States v. Jones, 983 F.2d 1425, 1434 (7th Cir.1993). Third, the "extraordinary cases" exception is quite narrow, "for example where the defendant challenges the constitutionality of the statute underlying the charge." Id. Cf. United States v. Lallemand, 989 F.2d 936, 938 (7th Cir.1993) (affirming offsetting obstruction and acceptance adjustments by district court where defendant cooperated with government upon arrest, yet, prior to his arrest, had instructed an accomplice to destroy the evidence).
 
 
 21
 Because this argument would be raised for the first time on appeal, and would concern a finding of fact by the district court that does not appear to be plain error, we conclude that the argument is groundless. Our independent review reveals that the guidelines were correctly applied in Jackson's case. Hence, his sentence does not meet any of the criteria for review, and an appeal would be groundless.
 
 
 22
 We must also determine whether Jackson was sentenced in compliance with Fed.R.Crim.P. 32. Rule 32(a)(1) requires that the court timely provide the defendant with a copy of the presentence report and afford counsel an opportunity to state objections to the report and comment on matters relating to the sentence. Jackson's counsel did receive the report prior to the hearing. Counsel did not object to any factual findings contained in the report. The court addressed Jackson personally and allowed him to add any comments. Fed.R.Crim.P. 32(a)(1)(C). Also, in compliance with Rule 32(a)(2), the court informed Jackson of his right to appeal the sentence.
 
 
 23
 Because we believe that the Rule 11(e)(2) requirements present a non-frivolous issue for appeal, counsel's motion to withdraw from this case is DENIED. However, for the reasons stated above, the judgment of the district court is summarily
 
 
 24
 AFFIRMED.