77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy LUNSFORD, Defendant-Appellant.
 No. 95-1507.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals from a District Court order imposing a seventy-eight month sentence of imprisonment, claiming the District Court erred when it failed to reduce his offense level based on acceptance of responsibility. For the reasons stated, we AFFIRM.
 
 
 2
 On April 7, 1994, a grand jury charged defendant with a number of firearms-related offenses. On April 15, 1994, defendant entered a plea of not guilty and was released on bond. Although defendant's jury trial was scheduled to begin on August 29, 1994,[1] he did not appear and a bench warrant for his arrest issued. On January 11, 1995, defendant voluntarily surrendered to the United States Marshal. Subsequently, defendant pled guilty to felon in possession of a firearm pursuant to a plea agreement.[2]
 
 
 3
 Defendant filed a sentencing memorandum in which he claimed he was entitled to a reduction in his offense level under the sentencing guidelines. He argued that his voluntary surrender to the United States Marshal was extraordinary, thereby entitling him to a two level offense reduction for acceptance of responsibility.
 
 
 4
 The District Court concluded that because defendant failed to appear for trial, a two level enhancement for obstruction of justice under USSG § 3C1.1 was appropriate. In considering whether defendant was entitled to a two level decrease in offense level for acceptance of responsibility, the District Court referenced Application Note 4 to USSG § 3E1.1, which provides that conduct obstructing justice indicates that the defendant has not accepted responsibility, though in extraordinary cases adjustments under both the obstruction of justice and acceptance of responsibility provisions may be appropriate.
 
 
 5
 The District Court reasoned that if defendant received a two level decrease for acceptance of responsibility after having received a two level enhancement for obstruction of justice, he would be in the same position that he would have been in had he not failed to appear for trial. Moreover, the District Court found nothing extraordinary in defendant's case that warranted a reduction in his offense level for acceptance of responsibility.[3] Therefore, the District Court determined that defendant was not entitled to a two level reduction in his offense level for acceptance of responsibility. Defendant appeals from that finding.[4]
 
 
 6
 Whether a defendant has accepted responsibility for criminal conduct is a question of fact, and the district court's determination on this issue will be disturbed only if clearly erroneous. United States v. Wolfe, 1995 WL 739107, * 4 (6th Cir.1995); United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, 502 U.S. 1016 (1991).
 
 
 7
 According to USSG § 3E1.1, a defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two level decrease in offense level. Application Note 4, however, provides that
 
 
 8
 Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.
 
 
 9
 (emphasis added). "[I]t is rare that a defendant should be granted a reduction in offense level for acceptance of responsibility when the court has deemed it appropriate to increase [his] offense level for obstruction of justice." United States v. Defeo, 36 F.3d 272, 277 (6th Cir.1994) (citing USSG § 3E1.1 Application Note 4). In general, when a defendant engages in justice-obstructing conduct, he has not accepted responsibility for criminal conduct. Therefore, the "extraordinary cases" exception is quite narrow. United States v. Jackson, 51 F.3d 276, 1995 WL 115862, * 4 (7th Cir.1995) (unpublished disposition) (citing United States v. Jones, 983 F.2d 1425, 1434 (7th Cir.1993)).
 
 
 10
 Defendant claims that because he voluntarily turned himself into the United States Marshal he is entitled to the reduction for acceptance of responsibility. In support of his argument, defendant cites United States v. Knorr, 942 F.2d 1217 (7th Cir.1991), in which the court stated that the defendant could have demonstrated acceptance of responsibility by surrendering after the commission of the crime.
 
 
 11
 Although voluntary surrender to authorities promptly after commission of the offense is a proper consideration in determining whether a defendant has demonstrated acceptance of responsibility, a sentencing court is not limited to consideration of that factor. USSG § 3E1.1, Application Note 1(d). Unlike defendant, Knorr did not receive an offense level enhancement for obstruction of justice. Because the District Court enhanced defendant's offense level for obstruction of justice, only in the presence of extraordinary circumstances could it reduce his offense level for acceptance of responsibility.
 
 
 12
 Defendant also relies on United States v. Hopper, 27 F.3d 378 (9th Cir.1994). In that case, the court held that in order to conclude that a case is not extraordinary, the district court must find that the obstructive conduct is inconsistent with defendant's acceptance of responsibility.
 
 
 13
 The Ninth Circuit's standard for finding of an extraordinary case, however, is of no help to defendant and in fact supports the District Court's denial of the two level reduction. Defendant's obstructive conduct was entirely inconsistent with his acceptance of responsibility. Failing to appear for trial is a quintessential manifestation of an individual's unwillingness to confront his responsibility or guilt. Therefore, the District Court's denial of an offense level for acceptance of guilt in this case is not inconsistent with Hopper.
 
 
 14
 Defendant suggests that because his obstructing conduct did not unduly burden the government, for defendant's co-defendant was tried in defendant's absence, he is entitled to the two level reduction for acceptance of responsibility. Defendant's suggestion, however, misunderstands the nature of the reduction. Instead, whether a defendant has accepted responsibility turns on the defendant's own behavior not the relative burden on the government as a result of defendant's obstructive conduct.
 
 
 15
 Finally, defendant suggests that he is entitled to the two level reduction because he pled guilty, thereby saving the government the expense of going to trial. This savings, however, occurs every time a defendant pleads guilty. There is nothing extraordinary about it. See United States v. Guarin, 898 F.2d 1120, 1122 (6th Cir.1990) (stating that a guilty plea alone will not entitle a defendant to a reduction for acceptance of responsibility).
 
 
 16
 Defendant has failed to demonstrate that his case is an extraordinary one. Therefore, the District Court did not clearly err when it found that he was not entitled to a two level reduction in offense level for acceptance of responsibility.
 
 
 17
 For the reasons stated, we AFFIRM the District Court's finding that defendant was not entitled to a two level reduction in offense level for acceptance of responsibility.
 
 
 
 [1]
 Defendant was to be tried along with a co-defendant. The co-defendant's trial began as scheduled
 
 
 [2]
 The plea agreement left it to the court to determine whether defendant was entitled to a two point reduction in offense level under section 3E1.1(a) of the sentencing guidelines
 
 
 [3]
 After determining that the guideline range was between sixty-three and seventy-eight months, the District Court sentenced defendant to seventy-eight months imprisonment followed by a two year term of supervised release
 
 
 [4]
 Defendant does not argue that the District Court erred when it enhanced his offense level for obstruction of justice