**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Arthur TINSLEY, Defendant–Appellant.**

**No. 02–3330.**

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2003.

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

*ORDER*

James Arthur Tinsley appeals the sentence imposed upon his convictions for possession of over 50 grams of marijuana with intent to distribute, money laundering, and failing to appear. Both parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. p. 34(a).

designation.

On October 26, 2000. Tinsley pleaded guilty to the above narcotics and money laundering offenses pursuant to a written plea agreement. The plea agreement provided in part that Tinsley would cooperate fully with law enforcement, that the government would retain the discretion to move for a downward departure based on substantial assistance, and that Tinsley should receive a three level reduction in offense level for acceptance of responsibility, provided that he continued to merit the reduction. At the plea hearing, the court accepted Tinsley's plea and granted a stay of detention. Tinsley, however, failed to self-surrender as ordered, and was arrested eight months later, on July 2, 2001. He then pleaded guilty on August 23, 2001, to failing to appear. Because Tinsley had absconded, the government did not move for a downward departure and the probation officer recommended in the Presentence Investigation Report (PSR) that Tinsley receive a two level enhancement for obstruction of justice and no reduction for acceptance of responsibility. *See* USSG §§ 3C1.1 and 3E1.1 At a combined sentencing hearing on all of the charges, the court adopted the PSR and sentenced Tinsley to 63 months in prison.

Tinsley contends that he is entitled to a reduction for acceptance of responsibility because his situation presents an extraordinary case in which a reduction is appropriate despite the imposition of an enhancement for obstruction of justice. *See* USSG § 3C1.1 comment. (n.4). He argues that his situation is extraordinary because he twice pleaded guilty in a timely manner, he agreed to cooperate, and he received additional punishment for not appearing through the loss of the downward departure and the enhancement for obstruction of justice. Furthermore, by denying the reduction for the acceptance of responsibility, the court acted contrary to the public policy supporting a reduction, which is to encourage defendants to accept responsibility and to conserve judicial resources.

A district court's denial of a reduction in offense level for acceptance of responsibility is entitled to great deference. *United States v. Jeter*, 191 F.3d 637, 638 (6th Cir.1999); USSG § 3E1.1 comment, (n.5). The determination generally is a question of fact that "enjoys the protection of the clearly erroneous standard, and will not be overturned unless it is without foundation." *United States v. Morrison*, 983 F.2d 730, 732 (6th Cir.1993). "Whether the Guidelines have accurately been applied to a particular set of facts, however, is reviewed de novo." *United States v. Bennett*, 170 F.3d 632, 640 (6th Cir.1999).

The Sentencing Guidelines provide for a reduction in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). To aid the district court in its determination, the commentary lists various factors to consider, including the defendant's "voluntary termination or withdrawal from criminal conduct or associations" and "conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1, comment. (nn.1(b) and 3). Additionally, a defendant who has received a USSG § 3C1.1 enhancement for obstruction of justice should not receive a reduction for acceptance of responsibility, absent extraordinary circumstances. *See* USSG § 3E1.1 comment. (n.4).

The district court properly denied the reduction as no extraordinary circumstances are present. Failing to report for detention, by definition, is a manifestation of a defendant's refusal to accept responsibility for his offense. *See United States v. Lunsford*, No. 95–1507, 1996 WL 67919, at *2 (6th Cir. Feb.15, 1996) (unpublished) (court denied reduction although defendant

voluntarily surrendered after absconding). Guilty pleas are not extraordinary, nor is the loss of a possible motion for a downward departure or the enhancement for obstruction of justice. A guilty plea alone does not entitle a defendant to a reduction for acceptance of responsibility and every guilty plea conserves judicial resources by saving the government the expense of going to trial. *Id.* at \*3; *see also United States v. Guarin*, 898 F.2d 1120, 1122 (6th Cir.1990).

Accordingly, the district court's judgment is affirmed.