**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nick STARKS, Defendant–Appellant.**

No. 02–5837.

United States Court of Appeals, Sixth Circuit.

May 7, 2003.

Before NELSON and COLE, Circuit Judges; and ROSEN, District Judge.*

*ORDER*

Nick Starks appeals the sentence imposed upon his conviction for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2. The parties have expressly waived oral argument, and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 14, 2000, a grand jury indicted Starks on one count of armed bank robbery and one count of using and carrying a firearm during and in relation to a crime of violence. Starks escaped from pre-trial detention on December 12, 2000, and was not apprehended until September 4, 2001. On January 3, 2002,

---

* The Honorable Gerald E. Rosen. United States District Judge for the Eastern District of Michigan, sitting by designation.

Starks pleaded guilty to the bank robbery charge in exchange for the dismissal of the other count. At sentencing, the district court imposed a sentence enhancement for obstruction of justice due to the escape, denied a reduction in the offense level for acceptance of responsibility, and sentenced Starks to 121 months in prison, three years of supervised release, payment of $32,600 in restitution, and a $100 special assessment.

In his timely appeal, Starks argues that the district court erred by denying him a reduction for acceptance of responsibility. Starks contends that his situation presents an extraordinary case in which a reduction is appropriate despite the imposition of an enhancement for obstruction of justice. See USSG § 3E1.1, comment. (n.4). He argues that his situation is extraordinary because he accepted responsibility after he was apprehended. Because the facts are undisputed, the district court's determination as to whether the case is extraordinary is subject to *de novo* review. See *United States v. Harper*, 246 F.3d 520, 525 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001), *overruled on other grounds, United States v. Leachman*, 309 F.3d 377 (6th Cir.2002).

The Sentencing Guidelines provide for a reduction in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). To aid the district court in its determination, the commentary lists various factors to consider, including the defendant's "voluntary termination or withdrawal from criminal conduct or associations" and "conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1, comment. (nn.1(b) and 3). Additionally, a defendant who has received a USSG § 3C1.1 enhancement for obstruction of justice should not receive a reduction for acceptance of responsibility, absent ex-

traordinary circumstances. See USSG § 3E1.1, comment. (n.4). To qualify as an extraordinary circumstance, a defendant must do something more than merely plead guilty following his obstruction of justice. *Harper*, 246 F.3d at 528.

The district court properly denied the reduction as no extraordinary circumstances are present. Starks merely pleaded guilty following his apprehension. Although he might possibly have qualified for a reduction for acceptance of responsibility if he had immediately turned himself in to authorities after escaping, this scenario is not before the court. See *Harper*, 246 F.3d at 528. Starks did not turn himself in to authorities, but was a fugitive from justice for nearly nine months until his apprehension.

Accordingly, the district court's judgment is affirmed.