NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1042n.06

No. 11-5772

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Sep 28, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| MICHAEL SANDERS, | ) | |
| | ) | |
| Defendant - Appellant, | ) | |

Before:       CLAY and SUTTON, Circuit Judges; and RICE, District Judge.[*]

RICE, District Judge.  Michael Sanders appeals the district court's judgment imposing a sentence of 55 months following his plea of guilty to three counts of producing and possessing counterfeit securities in violation of 18 U.S.C. § 513(a).  The offense conduct occurred just three weeks after he had been placed on supervised release following service of a 46-month sentence on similar counterfeit securities charges.  At the time of the offense, Sanders was also on probation on state forgery charges.  While on bond awaiting sentencing, Sanders cut his electronic monitoring ankle bracelet and fled the jurisdiction.  He was arrested a couple weeks later in Evansville, Indiana.

---

[*]The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

1

Sanders' base offense level was 6.  Pursuant to U.S.S.G. § 3C1.1, the court added 2 levels for obstruction of justice, based on the fact that Sanders had absconded while on bond, bringing the adjusted offense level to 8.  For the same reason, the court denied a 2-level downward departure for acceptance of responsibility.

Sanders was in criminal history category VI, resulting in an advisory sentencing guideline range of 18-24 months.  The court, however, found that this range substantially under-represented the seriousness of Sanders' criminal history and the likelihood of recidivism.  The court noted that Sanders had 25 criminal history points, an extensive juvenile criminal history, and several additional adult convictions for which no criminal history points were added.  Pursuant to U.S.S.G. § 4A1.3(a)(4)(B), the court therefore increased the base offense level to 11, resulting in a new advisory sentencing guideline range of 27-33 months.

The court then considered the other factors set forth in 18 U.S.C. § 3553(a), and imposed an upward variance, again citing, in part, Sanders' extensive criminal history, and the fact that he had committed these particular crimes immediately after being released from serving a 46-month sentence for a similar crime.  Sanders was sentenced to 55 months imprisonment, followed by a period of supervised release.  He was also sentenced to 18 months imprisonment for the supervised release violation, with 13 months to run concurrent with the 55-month sentence and 5 months to run consecutive to it.  Sanders appeals only the 55-month sentence.

Sanders argues that the district court erred by denying a 2-level adjustment for acceptance of responsibility, and by departing upward 3 offense levels based on Sanders' extensive criminal

history. He further argues that the sentence imposed is procedurally and substantively unreasonable in that the court relied on his extensive criminal history both as a basis to depart upward 3 offense levels in determining the appropriate guideline range and as a basis for upward variance under 18 U.S.C. § 3553(a). For the following reasons, we **AFFIRM** the district court's judgment.

I.

We review Sanders' sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "Procedural reasonableness requires that a district court must properly calculate the guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence – including an explanation for any variance from the guidelines range." *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008) (internal quotation omitted).

If the sentence is procedurally sound, we then consider whether the sentence is substantively reasonable. *Id.* A sentence is substantively reasonable if it is sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). A sentence may be deemed substantively unreasonable "if the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (quoting *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006)).

II.

Sanders first argues that, in calculating the appropriate guideline range, the district court erred in denying a 2-level adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. To Sanders' credit, he agreed, in a timely manner, to plead guilty not only to the three counts of the superseding indictment, but also to the supervised release violation. The court nevertheless denied him a 2-level adjustment for acceptance of responsibility, finding that his conduct in cutting his ankle bracelet and fleeing the jurisdiction was inconsistent with acceptance of responsibility.

Application Note 4 to U.S.S.G. § 3E1.1 states that conduct resulting in an enhancement under U.S.S.G. § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," but there may be "extraordinary cases in which adjustment under both §§ 3C1.1 and 3E1.1 may apply." The district court's factual finding that Sanders did not accept responsibility for his crimes is reviewed for clear error. *United States v. Gregory*, 315 F.3d 637, 640 (6th Cir. 2003). The court's determination that this is not an "extraordinary" case is a question of law to be reviewed *de novo*, but is entitled to great deference. *Id.* Sanders bears the burden of proving the extraordinary nature of the case. *United States v. Angel*, 355 F.3d 462, 477 (6th Cir. 2004).

The district court did not err in finding that Sanders failed to satisfy that burden. We have repeatedly held that engaging in obstructive conduct following the entry of a guilty plea is inconsistent with acceptance of responsibility. *See United States v. Jeross*, 521 F.3d 562, 582 (6th Cir. 2008) (affirming district court's refusal to apply reduction for acceptance of responsibility

where, after pleading guilty, defendant threatened a coconspirator); *United States v. Starks*, 64 F. App'x 501, 502 (6th Cir. 2003) (upholding denial of reduction for acceptance of responsibility where defendant escaped from pretrial detention and remained a fugitive until his apprehension nine months later); *United States v. Tinsley*, 55 F. App'x 312, 313–14 (6th Cir. 2003) (affirming district court's refusal to depart downward for acceptance of responsibility where defendant failed to self-surrender as ordered following entry of guilty plea).

Sanders notes that the district court made its decision not to apply the 2-level decrease for acceptance of responsibility before hearing the testimony of Sanders' mother, Geraldine Harris, who explained later in the sentencing hearing that Sanders fled to Indiana to visit his father, who was undergoing some sort of surgical procedure. Regardless of *why* Sanders absconded, there is no reason to believe that this testimony, had it been presented earlier in the hearing, would have influenced the judge's decision.

III.

Sanders next challenges the district court's basis for increasing his offense level from 8 to 11 based on his criminal history. Pursuant to U.S.S.G. § 4A1.3(a)(1), the district judge increased Sanders' offense level after finding that the criminal history category of VI substantially under-represented the seriousness of Sanders' criminal history and the likelihood he would commit other crimes. Sanders maintains that the court's stated rationale and analysis for departing upward this many levels was insufficient.

With respect to determining the extent of an upward departure from category VI, the applicable guideline states as follows:

> (B) Upward Departures from Category VI.--In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S.S.G. § 4A1.3(a)(4)(B).

In *United States v. Herrera-Zuniga*, 571 F.3d 568 (6th Cir. 2009), we held that sentencing judges are not required "to explain formalistically, gridblock by gridblock, why each intervening range is inappropriate." *Id.* at 588 (quoting *United States v. Thomas*, 24 F.3d 829, 835 (6th Cir. 1994)). It is sufficient if the judge explains what aggravating circumstances give rise to the need for an upward departure and why the sentence chosen is appropriate given the facts of the case. *Thomas*, 24 F.3d at 833–34. Factors to be considered include:

> the seriousness of the defendant's past criminal conduct, the likeliness of recidivism, prior similar adult conduct not resulting in criminal convictions, previous lenient sentences for offenses, whether the sentence will have a deterrence on future criminal conduct, the necessity of isolating the defendant from the community and the length of time necessary to achieve rehabilitation, if rehabilitation is possible.

*Id.* at 833 (citation omitted).

In this case, the district court clearly articulated the reasons for the upward departure. The court noted that Sanders had 25 criminal history points, almost double what was required for placement in category VI. In addition to an extensive juvenile history, Sanders had several other adult convictions for which no points were added. The court also adequately justified the reasons

for the 3-level increase in the offense level. It noted that the record showed that Sanders exhibited an ongoing pattern of engaging in criminal activity any time that he was not incarcerated, and had just served a 46-month sentence for a similar crime, a sentence that seemingly had absolutely no deterrent effect. Even with this 3-level increase, the advisory sentencing guideline range was only 27-33 months. In our view, the district court adequately explained its reasons for the extent of the chosen departure.

IV.

Sanders also argues that the 55-month sentence imposed by the district court is procedurally unreasonable because the court engaged in impermissible double-counting when it cited his criminal history as a reason to depart upward three offense levels and then cited it *again* as a reason to impose an additional upward variance under § 3553(a).

"[I]mpermissible 'double counting' occurs when precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways." *United States v. Moon*, 513 F.3d 527, 542 (6th Cir. 2008) (citing *United States v. Farrow*, 198 F.3d 179, 195 (6th Cir. 1999)). However, no double counting will be found when the defendant is penalized for "distinct aspects" of his conduct. *Id.* (citing *United States v. Eversole*, 487 F.3d 1024, 1030 (6th Cir. 2007)).

In *United States v. Lanning*, 633 F.3d 469 (6th Cir. 2011), we rejected a substantially similar "double counting" argument and explained that "the very same factors that influence a district court to impose an upward departure in a defendant's criminal history category might be evaluated differently in imposing an upward variance under 18 U.S.C. § 3553(a)." *Id.* at 478. *See also United*

*States v. Robinson*, 357 F. App'x 677, 689–90 (6th Cir. 2009) (rejecting appellant's "double counting" argument, and holding that, even though there was "some overlap," the district court sufficiently explained its distinct reasons for upward departure and for upward variance). Other circuits have held likewise. *See, e.g.*, *United States v. Rivera-Santana*, 668 F.3d 95, 102 (4th Cir. 2012) (holding that district court did not impermissibly double count prior criminal record in imposing upward departure and upward variance).

In this case, the district court departed upward three offense levels, concluding that Sanders' criminal history category of VI substantially under-represented the seriousness of that criminal history and the likelihood of recidivism. In support of its conclusion, the court noted that Sanders had 25 criminal history points, an extensive juvenile history, and additional convictions for which no points had been assessed. The court further noted that "this has been an ongoing pattern." Any time that Sanders was not incarcerated, he was engaging in criminal activity. By way of example, the court pointed out that within just three weeks after being released from prison after serving a 46-month sentence, Sanders was already operating another counterfeit print plant, indicating that this sentence did not appear to have deterred him "in any way whatsoever."

The court then turned to a brief discussion of the § 3553(a) factors and decided that an upward variance was also warranted "because Sanders has previously been sentenced to 46 months, and he served that time and immediately came out and began to reoffend and began to engage in additional criminal conduct." Although the court did not elaborate any further, this fact is clearly relevant to several of the § 3553(a) factors, including the need to promote respect for the law, to

8

provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes that this defendant might commit.

In our view, as in *Robinson*, even though there is "some overlap" in the stated justification for imposing an upward departure under the guidelines and an upward variance under § 3553(a), the district court adequately explained its distinct reasons for both. We therefore find that the 55-month sentence was procedurally reasonable.[1]

V.

Finally, Sanders argues that the 55-month sentence is substantively unreasonable because it is greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a). Sanders maintains that the court gave an unreasonable amount of weight to his criminal history. We disagree. Sanders' extensive criminal background exhibits an obvious disrespect for the law. Moreover, within weeks of serving a 46-month sentence for a substantially similar crime, Sanders was once again engaged in criminal activity. Under these circumstances, it was not unreasonable for the district court to find that an even lengthier sentence was appropriate and necessary. The 55-month sentence was not substantively unreasonable.

VI.

For the reasons stated above, the district court's judgment is **AFFIRMED**.

---

[1] As an aside, we note that the district court could have accomplished exactly the same result, without triggering a "double counting" objection, by simply imposing a larger variance under § 3553(a).