**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0045n.06

**No. 15-1177**

<table>
<tr><td></td><td></td><td></td></tr>
</table>

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **FILED** |
| | ) | Jan 25, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| PEDRO ANDRES KOBASIC, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**BEFORE:** GRIFFIN and STRANCH, Circuit Judges; GWIN, District Judge.[*]

**JAMES S. GWIN, District Judge.**

Defendant-Appellant Pedro Andres Kobasic appeals his 87-month, within-Guidelines sentence following a guilty plea. At sentencing, both Kobasic and the government agreed that Kobasic should receive a two-level increase in his Offense Level calculation for obstruction of justice under United States Sentencing Guidelines § 3C1.1. And while both parties agreed with the obstruction enhancement, both also agreed that Kobasic should be eligible for a three-level § 3E1.1 decrease for acceptance of responsibility

At sentencing, the district court applied the obstruction of justice increase but gave no reduction for acceptance of responsibility. In denying an acceptance of responsibility reduction, the district court justified the denial because Kobasic had fled to Mexico after his indictment but

---

[*] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

before his eventual guilty plea. The district court found the flight was inconsistent with accepting responsibility. In other words, the district court found that Kobasic's case was not an "extraordinary case" deserving of both the obstruction of justice increase and acceptance of responsibility decrease under Guideline § 3E1.1, Application Note 4. Kobasic appeals only this refusal to give him an acceptance of responsibility adjustment. For the following reasons, this Court **AFFIRMS** Kobasic's sentence.

## I.  FACTUAL BACKGROUND

On April 13, 2010, a federal grand jury indicted Kobasic and several co-defendants. R. 1, Indictment at 1, PageID 1. The indictment charged the defendants with conspiracy to distribute marijuana and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vii). Kobasic was released on personal recognizance bond pending trial. R. 16, Bond Order at 1, PageID 33.

Kobasic entered into plea negotiations with the government. The district court scheduled a change of plea hearing in Kobasic's case for April 19, 2011. R. 126, Notice of Hr'g at 1, PageID 338. However, Kobasic failed to appear at the hearing and instead fled the country and settled in Sonora, Mexico. A warrant for Kobasic's arrest was issued. R. 179-1, Arrest Warrant at 1, PageID 492.

In May 2014, approximately three years after the original scheduled change of plea hearing, Mexican law enforcement authorities, working with federal authorities, discovered Kobasic living in Sonora and returned him to the United States. *See id*. On May 20, 2014, Federal agents arrested Kobasic and brought him back to the Western District of Michigan to proceed with his case. *See id.*; R. 179-2, Magistrate Judge's Min.s at 1, PageID 494.

Kobasic later admitted that he intended not to return and only returned because the authorities found him. R. 230, PSR at 15, PageID 708.

On April 16, 2014, a grand jury issued a superseding indictment charging Kobasic with failing to appear in violation of 18 U.S.C. § 3146. Indictment, *United States v. Kobasic*, 2:14-cr-00017-RHB (W.D. Mich. 2014). These charges joined the pending drug conspiracy charges from the 2010 indictment.

Kobasic quickly reentered plea negotiations with the government. On October 27, 2014, Kobasic filed his amended plea agreement with the district court. In that agreement, Kobasic agreed to plead guilty to conspiracy to distribute and possess with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). R. 206, Amended Plea Agreement at 1–2, PageID 584–85. In exchange, the government agreed to move for the dismissal of several 2010 indictment charges and the 2014 indictment bond jumping charge. *Id.* at 3, PageID 586.

With the plea, the government also agreed not to oppose Kobasic's request for the § 3E1.1(a) acceptance of responsibility decrease and to inform the district court that Kobasic assisted authorities in his own prosecution. *Id.* On November 3, 2014, Kobasic pleaded guilty to these charges. R. 212, R. + R. at 1, PageID 600, *adopted by* R. 214, Order at 1, PageID 608.

On January 29, 2015, the probation department distributed Kobasic's Final Presentence Investigation Report ("PSR"). The PSR recommended that Kobasic receive the two-level obstruction of justice increase due to Kobasic's three-year flight. R. 230, PSR at 16–17, PageID 709–710. The PSR also recommended the three-level acceptance of responsibility decrease be denied. *Id.*

Neither party objected to the obstruction of justice increase, but Kobasic objected to the Probation Department's recommendation to deny Kobasic the three-level decrease for acceptance of responsibility. R. 231, Def.'s Sentencing Mem. at 1–6, PageID 722–27. The government agreed with Kobasic and asked the court to give Kobasic the acceptance of responsibility decrease. R. 232, Govt's Sentencing Mem. at 1–2, Page ID 729–30.

On February 9, 2015, the district court sentenced Kobasic. R. 238, J. at 1, PageID 741. The district court denied the three-level acceptance of responsibility decrease despite Kobasic's objection and the government's position. R. 241, Sentencing Tr. at 10–13, PageID 761–64. The district court calculated Kobasic's total Offense Level as 28 with a Criminal History category of II, resulting in an advisory range of incarceration from 87 to 108 months. *Id.* Had the district court applied the three-level acceptance of responsibility decrease, Kobasic's advisory guidelines range would have been 63 to 78 months of incarceration. U.S.S.G. Sentencing Table (2014). The district court sentenced Kobasic to 87 months of incarceration. R. 241, Sentencing Tr. at 26, PageID 777.

In support of the Offense Level calculation, including the decision not to apply the acceptance of responsibility decrease, the district court found that Kobasic's case was unlike many of the cases in which defendants receive both the obstruction of justice increase and the acceptance of responsibility decrease. In distinguishing those cases, the district court emphasized the length of Kobasic's flight, emphasized that Kobasic fled the country as opposed to fleeing within the United States, and emphasized the involuntary nature of Kobasic's return to the United States. *Id.* at 10–12, PageID 761–63.

The district court acknowledged that Sixth Circuit precedent favors applying the acceptance of responsibility adjustment when a defendant accepts responsibility *after* the

obstructing justice conduct. *Id*. at 10, PageID 761 ("[B]oth counsel adequately recite the law, [*United States v.] Robinson[*, 390 F.3d 853, 888 (6th Cir. 2004)] and the other cases, indicating that it is unusual to tack on two points for obstruction of justice and then deny acceptance of responsibility when the acceptance of responsibility is after the obstruction. This case is different, though."). The district court concluded that the circumstances of Kobasic's flight outweighed that Kobasic's post-flight acceptance of responsibility.

On appeal, Kobasic argues that the district court erred when it did not apply the "guidelines reduction for acceptance of responsibility under § 3E1.1, because his early obstructive conduct—his pre-plea flight—did not undermine the sincerity of his later, steadfast acceptance of responsibility." Appellant Br. at 12. In response, appellee United States argues that "[t]he district court's decision was not clearly erroneous. The court considered factors set forth in Application Notes 1 and 3 of U.S.S.G. § 3E1.1, as well as *United States v. Gregory*, 315 F.3d 637 (6th Cir. 2003), and was swayed by . . . Defendant's post-indictment conduct." Appellee Br. at 10.

Finding the district court's denial of adjustment for acceptance of responsibility was within the district court's discretion, the Court affirms the sentence imposed by the district court.

## II.    STANDARD OF REVIEW

This Court reviews a district court judge's decision to deny the acceptance of responsibility adjustment under § 3E1.1 for clear error. *United States v. Genschow*, 645 F.3d 803, 813 (6th Cir. 2011). This Court gives deference to the district court's decision because that court "is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.5.

A "defendant bears the burden of demonstrating acceptance of responsibility" within the meaning of U.S.S.G. § 3E1.1. *United States v. Wilson*, 197 F.3d 782, 786 (6th Cir. 1999).

III. DISCUSSION

Under U.S.S.G. § 3C1.1, a defendant receives a two-level obstruction of justice increase in his or her Offense Level calculation

> [i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]

The Guidelines consider "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding" to warrant the obstruction of justice increase. U.S.S.G. § 3C1.1 cmt. n.4.

Under § 3E1.1, a defendant is eligible for a two- or three-level decrease in his or her Offense Level calculation "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense[.]" Application Note 1 to § 3E1.1 includes a non-exhaustive list of factors for district court consideration when deciding whether to apply the decrease. These include:

> (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)
> . . .
> (B) voluntary termination or withdrawal from criminal conduct or associations;
> . . .
> (D) voluntary surrender to authorities promptly after commission of the offense;
> . . . and
> (H) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1 cmt. n.1.

The Guidelines account for cases in which a defendant may be eligible for both the obstruction of justice increase and the acceptance of responsibility decrease. Application Note 4 to § 3E1.1 states:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

The question on appeal then is whether the district court clearly erred in finding that Kobasic's case was not "extraordinary," but rather a case in which Kobasic failed to demonstrate acceptance of responsibility.

The district court did not clearly err when it decided that Kobasic was entitled to the acceptance of responsibility offense level reduction. *See United States v. Starks*, 64 F. App'x 501, 502 (6th Cir. 2003) (district court did not err in denying acceptance of responsibility decrease when defendant escaped from pre-trial detention and pleaded guilty after apprehension). The district court carefully considered the nature of Kobasic's post-indictment conduct and concluded that Kobasic had not accepted responsibility for his prior criminal conduct.

The district court was entitled to consider all of Kobasic's post-indictment activity in deciding not to apply the acceptance of responsibility decrease. *United States v. Harper*, 246 F.3d 520, 526–27 (6th Cir. 2001), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002). The circumstances the district court considered included: 1) length of Kobasic's flight—over three years; 2) Kobasic's destination—Sonora, Mexico; 3) the involuntary nature of Kobasic's return to the Western District of Michigan; 4) and especially

Kobasic's admission that he never would have returned to the district had he not been apprehended.

These flight circumstances indicate that Kobasic did not have a "voluntary termination or withdrawal from criminal conduct or associations[,]" a "voluntary surrender to authorities promptly after commission of the offense[,]" or a timely acceptance of responsibility measured against the indictment date. U.S.S.G. § 3E1.1 cmt. n.1. The district court balanced these circumstances against the fact that Kobasic "truthfully admitt[ed] the conduct comprising the offense(s)[,]" *id*., and other cooperative conduct on his return from Mexico in 2014. The district court then concluded that Kobasic had not accepted responsibility within the meaning of § 3E1.1.

Sixth Circuit precedent favors applying the acceptance of responsibility reduction in cases where the obstruction occurs before a defendant is aware of the government's interest in his or her affairs. *See Gregory*, 315 F.3d at 641 (finding that the defendant was entitled to the acceptance of responsibility reduction when "[a]ll of his obstructive conduct predated his indictment" and remanding for resentencing); *United States v. Tilford*, 224 F.3d 865, 868 (6th Cir. 2000) (same).

The district court also noted cases that denied the acceptance of responsibility reduction where the obstruction happens after a defendant's initial acceptance of responsibility, for example where a defendant flees the jurisdiction after conviction but before sentencing. *See Robinson*, 390 F.3d at 866.

Kobasic's case does not fall neatly into either category of cases. Unlike *Robinson*, Kobasic fled the country after indictment but *before* his originally-scheduled guilty plea, meaning that he admitted guilt after his obstructive conduct. However, unlike *Gregory* and

*Tilford*, Kobasic fled after indictment. The district court could properly consider Kobasic's flight in applying § 3E1.1.

The district court did not clearly err when it found that Kobasic's flight was inconsistent with his later acceptance of responsibility. Therefore, the district court did not clearly err when it declined to apply the three-level acceptance of responsibility decrease after considering the circumstances of Kobasic's flight.

## IV. CONCLUSION

For the foregoing reasons this Court **AFFIRMS** Kobasic's sentence.