**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0386n.06

Case No. 17-2368

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 02, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| GREGORY WARREN WADE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MOORE, THAPAR, and NALBANDIAN, Circuit Judges.

THAPAR, Circuit Judge. Gregory Wade appeals the 60-month sentence he received after pleading guilty to possessing stolen mail and bank fraud. We affirm.

I.

Wade has a history of stealing checks from people's mail in order to buy drugs. The first three times, Michigan authorities convicted him of uttering and publishing false checks. But that did not stop him. Soon, federal authorities got involved and convicted him of bank fraud. This case marks his third federal bank-fraud conviction (and thus his sixth total conviction for check fraud). The first federal conviction landed him in prison for 36 months, the second for 48 months, and this time for 60 months.

To his credit, Wade has tried to get on top of his drug addiction and change his life. He has participated in three different substance-abuse programs and worked a full-time job before his most recent offense. But as is the case for many drug addicts, the disease has proven hard to beat. Wade has violated the conditions of supervised release four times, resulting in large part from failing to stick with treatment for his drug addiction. And since Wade has not found a successful way to manage his addiction, he continues to commit check fraud in order to buy drugs.

So when it came time to sentence Wade for his third federal (and sixth total) check-fraud conviction, the district court had a choice. On the one hand, the court could sentence Wade within his Guidelines range: 12–18 months' imprisonment. But the court doubted that a within-Guidelines sentence would be sufficient to account for the seriousness of Wade's offense and criminal history, deter Wade from committing check fraud in the future, or protect the public from further fraud. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C). Wade's Guidelines range was largely a product of the number of victims and amount of financial loss he caused this time around, which were both lower than in the past. And while the range included an adjustment for his two prior federal convictions, it still left some important considerations out. For one thing, Wade's Guidelines range failed to reflect that his two prior federal convictions were for the same misconduct, showing Wade was "very likely to reoffend." R. 45, Pg. ID 214–15. Also, his range contained no adjustment for his three Michigan check-fraud convictions, which were too old to count against him. Plus, Wade's range did not account for the unique harm he caused by stealing from people's mailboxes—conduct the district court described as "further[ing] cynicism and doubts about the integrity of public institutions." *Id.* at 216–17. But what the district court found most significant was that even an 18-month sentence (the very top of the range) would be *shorter* than Wade's two prior federal sentences for check fraud. So, in the interests of deterrence,

promoting respect for the law, and protecting the public, the district court chose an alternative course. It departed and varied upward from Wade's Guidelines range. Since Wade's second federal sentence (48 months) was twelve months more than his first (36 months), the district court decided that a proportional increase of twelve more months for his third sentence was appropriate. The court therefore ordered 60 months' imprisonment.

## II.

Wade appeals the length of his sentence. In deciding his appeal, we ask whether his sentence was "substantively unreasonable" in light of the sentencing considerations enumerated in 18 U.S.C. § 3553(a). *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)). We afford the district court "due deference" in weighing the § 3553(a) factors to arrive at a particular sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). And we vacate a sentence only where the district court abuses its discretion. *Tristan-Madrigal*, 601 F.3d at 632.

*Mail.* Wade first argues that the district court should not have increased his sentence because of the mail-based harms his fraud caused. He says that the Guidelines already account for these harms. But Wade misunderstands the Guidelines provisions at issue. He is correct that the Guidelines can increase a fraud's victim-count where undelivered mail is concerned. U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.4(C) (U.S. Sentencing Comm'n 2016). No such adjustment, however, occurred in Wade's case. Instead, the district court departed under a different provision, which contemplates an increased sentence where a defendant's offense "caused or risked substantial non-monetary harm," including "psychological harm" and "substantial invasion of a privacy interest (through, for example, the theft of personal information . . . )." *Id.* § 2B1.1 cmt. n.20(A)(ii). As one of Wade's victims explained, his fraud

caused exactly these harms. R. 29, Pg. ID 96–97 ("My world view has shifted. . . . I have become far less trustful and sometimes possibly overly cautious . . . . Less trust? Perhaps no trust. Or perhaps, just more stress."). So increasing Wade's sentence on this basis was not an abuse of discretion. *See United States v. Lanning*, 633 F.3d 469, 476 (6th Cir. 2011) (affirming upward variance where defendant's Guidelines range "d[id] not reflect the specific activity of repeatedly stealing individuals' checks out of their mailboxes and altering them for [the defendant's] pecuniary gain").

*Criminal History*. Next, Wade claims that the district court placed too much emphasis on his criminal history. For starters, he faults the district court for relying on his criminal history both in departing and varying upward. But it is permissible for district courts to rely on criminal history in both respects—first where a defendant's criminal history category "substantially under-represents" the seriousness of that history and the defendant's likelihood of committing more crimes, U.S.S.G. § 4A1.3(a)(1), and second where a defendant's criminal history bears on the general sentencing inquiry under § 3553(a), *Lanning*, 633 F.3d at 478.

Wade's broader point, however, is that the district court focused *too much* on his criminal past and lost sight of his present crime. And that crime harmed fewer victims and resulted in a lower loss amount (and thus a lower Guidelines range) than some of Wade's prior offenses. But the district court did not act unreasonably in seeing the bigger picture. As the court explained, Wade committed "a third offense on the very same behavior in the very same court in the very same community." R. 45, Pg. ID 214. Yet relying solely on the Guidelines range would have "impose[d] the lightest sentence yet." *Id.* at 214–15. The district court therefore refused to sacrifice "respect for the law" simply because Wade's third federal (and sixth total) check-fraud conviction harmed fewer victims and resulted in a lower loss amount. *Id.* at 217; *see* 18 U.S.C.

§ 3553(a)(2)(A). This determination was reasonable. *United States v. Jennings*, 407 F. App'x 20, 21–22 (6th Cir. 2011) (affirming 74-month upward variance in light of past sentences and to "promote respect for the law" (quoting 18 U.S.C. § 3553(a)(2)(A))); *accord United States v. Sanders*, 501 F. App'x 455, 461 (6th Cir. 2012); *see also United States v. Herrera-Zuniga*, 571 F.3d 568, 573, 577, 591 (6th Cir. 2009) (affirming 18-month upward variance based on defendant's "significant criminal history" and "repeated recidivism"); *accord Lanning*, 633 F.3d at 478.

We recognize that Wade's 60-month sentence was a significant increase from the Guidelines range. But the district court judge did not order it lightly, and there is good reason here to respect the district court's discretion. The district court did not pull the sentence out of thin air. Instead, the district court carefully tailored Wade's term of imprisonment to reflect a proportional increase from his most recent check-fraud sentence. Substantive-reasonableness review does not demand "rigid mathematic[s]," but the district court here employed precise arithmetic. *Gall*, 552 U.S. at 47. The district court's emphasis on Wade's criminal history was not an abuse of discretion.

*Drug Addiction.* Wade's final objection is to the district court's rationale that a 60-month sentence might deter him from committing the same crime again. He points to research suggesting that jail time does nothing to deter drug offenders from committing crimes and may even encourage them to do so. But deterrence, both specific and general, is a fundamental tenet of federal sentencing, and the district court was entitled to consider it in Wade's case. 18 U.S.C. § 3553(a)(2)(B) (federal sentences must "afford adequate deterrence to criminal conduct"); *see* U.S.S.G. ch. 4, pt. A, introductory cmt. ("General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. . . . Repeated criminal behavior is an indicator of a limited

likelihood of successful rehabilitation."). And our court regularly affirms increased sentences aimed at deterrence, even where substance abuse is involved. *United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (affirming 40-month upward variance and observing that "it was not unreasonable for the district court to treat [the defendant's] continued drug use (despite at least some treatment opportunities and repeated community-control sanctions) as a factor that could explain, but not outweigh, his extensive criminal history and chronic recidivism"); *see also United States v. Griffin*, 562 F. App'x 507, 513–14 (6th Cir. 2014); *United States v. Sharp*, 424 F. App'x 475, 482, 488 (6th Cir. 2011).

Moreover, the district court took care to acknowledge Wade's struggle with his addiction and recognize the importance of treatment. But the court also noted Wade's past failures in completing substance-abuse treatment and the treatment's inability to put a stop to his criminal behavior. These considerations support the district court's desire to, if not successfully deter Wade's check fraud, at least protect the public from it. *See Robinson*, 892 F.3d at 214; *Griffin*, 562 F. App'x at 513–14. Like the district court, we too hope Wade can overcome his substance abuse. That said, the district court did not abuse its discretion in increasing Wade's sentence even in light of his drug addiction.

We **AFFIRM**.